J-S11013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| JERRY DONALD PHILLIPS | : |
| | : |
| Appellant | : No. 1254 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 9, 2025
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000119-2025

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:          **FILED:  August 3, 2026**

Appellant, Jerry Donald Phillips, appeals from the judgment of sentence the Court of Common Pleas of Venango County entered on September 9, 2025. On appeal, Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the relevant background as follows.

On April 8, [Appellant] was charged by formal information with four (4) counts of criminal conduct.  On July 28, 2025, [Appellant] entered guilty plea to Count 1 – persons not to possess, use, manufacture, control, sell or transfer firearms, a felony in the second degree, in violation of 18 Pa.C.S.A. § 6105(a)(1), and Count 2 – manufacture, delivery, or possession with intent to manufacture or deliver, an ungraded felony, in violation of 35 P.S. § 780-113.  The Commonwealth *nolle prossed* the remaining charges pursuant to the plea agreement.

On September 9, 2025, [Appellant] was sentenced to a minimum of forty (40) months and a maximum of ten (10) years on Count 1, and a minimum of twenty (20) months and a maximum of ten (10) years on Count 2, to be computed from the expiration of the

sentence imposed on Count 1. These sentences represent an aggregate period of incarceration from a minimum of five (5) years up to a maximum of twenty (20) years and are standard range sentences.

Trial Court Opinion, 12/1/25, at 1-2 (some capitalization and emphasis removed).

Appellant filed a post-sentence motion on September 19, 2025. In his post-sentence motion, Appellant asserted that the trial court "failed to adequately consider at the time of sentencing [Appellant]'s remorsefulness, his addiction to methamphetamine at the time of the offense and his acceptance of responsibility for his action by entering a plea." Appellant's Post Sentence Motion, 9/19/25, at 2.

Subsequently,

[Appellant] filed a notice of appeal on September 30, 2025. On October 1, the [trial court] directed counsel of record . . . to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. [Appellant] requested an extension of time to file the concise statement of matters complained of on appeal, which was granted on October 22, 2025. On November 17, 2025, [Appellant] filed a concise statement of matters complained of on appeal.

Trial Court Opinion, 12/1/25, at 2 (some capitalization and emphasis removed).

This appeal followed. Appellant raises the following for our review:

[Appellant] argues that the aggregate sentence of five to twenty years handed down in this case was manifestly excessive and clearly unreasonable in their consecutiveness as a concurrent sentence would still serve the purposes of rehabilitation, retribution, and incapacitation. Further, [Appellant] expressed his remorse at the time of plea, admitted he had a drug addiction

problem, and took responsibility for his actions. [Appellant] also avers that the trial court mentioned at sentencing that he had provided methamphetamine to a minor, when he was never convicted of any crime related to that nor did he admit to it, and thus that fact should not have been used by the court as a consideration when fashioning the sentence.

Appellant's Brief at 4-5.[1]

As articulated, the above claims involve the discretionary aspects of his sentence. **See**, **e.g.**, **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Indeed, before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

A review of the record reveals that the instant appeal was timely filed, that the claims at issue here were properly preserved in a motion to reconsider and modify sentence, and that the brief has no fatal defects. We must,

---

[1] The question for our review is substantially similar to the issue Appellant raised in his statement of matter complained of on appeal. **See** Appellant's Concise Statement, 11/17/25, at 2 (unnumbered).

therefore, determine whether Appellant has raised a substantial question(s) for our review.

The first part of the claim, *i.e.*, concurrent sentences "would still serve the purposes of rehabilitation, retribution, and incapacitation," clearly falls short of advancing "a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Additionally, "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171–72 (Pa. Super. 2010) (citation omitted). Appellant failed to articulate that such an "extreme circumstance" is present here. Furthermore, it is worth noting that Appellant is not entitled to minimum possible confinement. **Id.** at 171. Finally, and equally important, this consecutive sentence claim was not raised in Appellant's post-sentence motion or Rule 1925(b) statement. The claim, therefore, fails to qualify as a substantial question for our review.

To the extent that Appellant claims that the sentencing court imposed an excessive sentence by failing to consider some mitigating factors, we conclude that Appellant raised a substantial question for our review. **See Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("an

- 4 -

excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).  Similarly, Appellant's claim that the sentencing court relied on an improper factor, *i.e.*, that Appellant provided methamphetamine to a minor, raises a substantial question for our review.  ***See***, ***e.g.***, ***Commonwealth v. Downing***, 990 A.2d 788, 792 (Pa. Super. 2010) (concluding "Appellant's claim the trial court relied on an improper factor raises a substantial question permitting review.").

Having parsed the substantial questions from Appellant's aggregate claim, we now proceed to consider whether those questions have merit. Our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c), (d), and 9721(b). ***See***, ***Raven***, ***supra***; ***Commonwealth v. Williams***, 69 A.3d 735, 741 (Pa. Super. 2013).

Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Additionally, "[w]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically

reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted). The trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted). Finally, the balancing of the sentencing factors is the sole province of the sentencing court, which had the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court cannot reweigh sentencing factors and impose its judgment in place of a sentencing court where the lower court was fully aware of all mitigating factors. ***Id.*** (citing ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009)).

The trial court addressed Appellant's claims as follows.

Here, the sentence imposed is within the standard range of the Sentencing Guidelines. In determining [his] sentence, [the sentencing court] reviewed the PSI and found that [Appellant]'s first charge, person not to possess firearm, carries an offense gravity score of fifteen (15) and [Appellant] had a prior score of two (2). The sentencing guidelines recommend a minimum sentence of thirty (30) to forty-two (42) months imprisonment. The second charge, manufacturing, delivering or possessing with the intent to deliver methamphetamine, is an ungraded felony carrying an offense gravity score of twelve (12), paired with a

- 7 -

prior record score of a two, which put the standard range at sixteen (16) to twenty-two (22) months. The Commonwealth and Defense Counsel were in agreement as to both the offense gravity scores and the prior record score. Likewise, [Appellant] and Defense Counsel agreed that the contents of the PSI were accurate.

In this case, [the sentencing court] imposed a sentence of a minimum of forty (40) months to a maximum of ten (10) years imprisonment on Count 1, and a minimum of twenty (20) months to a maximum of ten (10) years on Count 2, both of which are within the standard range of the guidelines. . . .

Here, [Appellant] alleges that he was remorseful, admitted he had a drug problem, and took responsibility for his actions. The [sentencing court], however, notes that each of these considerations were duly considered, along with the PSI, and all of the circumstances surrounding the case. In dictating [Appellant]'s sentence, the [sentencing c]ourt noted that it "has considered [Appellant]'s age, prior record, and all information contained in the pre-sentence investigation report. [The sentencing c]ourt has considered **the remarks and recommendations of Defense Counsel** and the Commonwealth, **the statements made by** [**Appellant**], **the circumstances surrounding these offenses**, the sentencing guidelines and **all other relevant factors**." [quoting Sentencing Order, 9/9/25)].

While [Appellant] understandably points to the factors tending to mitigate the circumstances surrounding the case, numerous other factors considered by the [sentencing court] had the opposite effect. Notably, during the sentencing hearing on September 9, 2025, [the sentencing court] also discussed [Appellant]'s charge, PWID, the impact that drug dealing has on the community, the impact [Appellant]'s activities have had on his daughter, and the County's interest in preventing drug use from spreading. The [sentencing court] likewise noted that the sentence was necessary for the rehabilitative needs of [Appellant], and because of the impact of the offenses on the community.

Trial Court Opinion, 12/1/25, at 5-7 (unnecessary capitalization omitted) (some citations omitted) (emphasis in original).

The record, therefore, plainly contradicts Appellant's claims. The true nature of Appellant's argument is not that the sentencing court failed to consider pertinent sentencing factors, but rather that the sentencing court weighed some factors in a manner inconsistent with his wishes. That is not enough for us to conclude that the sentencing court abused its discretion in fashioning Appellant's sentence. ***Raven, supra***; ***Schutzues***, ***supra***; ***Commonwealth v. Proctor***, 156 A.3d 261, 274 (Pa. Super. 2017) (court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes); ***Commonwealth v. Clark***, 2025 WL 1160073, at *4 (Pa. Super., Apr. 21, 2025) (unpublished memorandum) (same).

Lastly, Appellant alleges that the sentencing court relied on an improper factor, namely that Appellant provided methamphetamine to a minor. To this end, Appellant argued the trial court could not rely on that fact as he was not convicted of and did not admit to any such crime.

In addressing this matter, the sentencing court noted that it inferred this information from the PSI. Specifically, the court stated:

> [B]oth [Appellant] and Defense Counsel agreed that the contents of the PSI were accurate. Here, the PSI provides that [Appellant]'s daughter tested positive for methamphetamine in February 2020, after being tested by CYS. This was discovered after receiving information that [Appellant] was "using meth with [his] juvenile daughter present." [The sentencing court], thus, reasonably inferred that [Appellant], who was reportedly using in the presence of his daughter, was responsible for the minor's positive test in 2020. [The sentencing court] weighed this consideration, among all other considerations, with a particular

> focus on the harms that [Appellant]'s drug use had caused, both on the County broadly, and on his own family.

Trial Court Opinion, 12/1/25, at 9-10 (citations to record omitted).

In fashioning a sentence, a judge may consider uncharged criminal activity in determining an appropriate sentence. *Commonwealth v. Frank*, 577 A.2d 609, 622 (Pa. Super. 1990) (citing *Commonwealth v. Palmer*, 462 A.2d 755, 762 (1983)). Prior criminal conduct for which a defendant has escaped prosecution has long been an acceptable sentencing consideration. *Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). However, this type of conduct can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the uncharged prior conduct. *Id.*

Here, we cannot conclude the trial court abused its sentencing discretion when it considered, *inter alia,* Appellant's uncharged offense of providing methamphetamine to a minor. As part of his guilty plea, Appellant pled guilty to the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance, an ungraded felony, in violation of 35 P.S. § 780-113. Although not charged, all agreed that the PSI was accurate in detailing Appellant's use of methamphetamine in the presence of his minor daughter and that she tested positive for that drug in 2020 after being tested by CYS. Under these circumstances, it was not an abuse of discretion for the sentencing court to find a link between this uncharged conduct and Appellant and to consider this conduct in fashioning an appropriate sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  August 3, 2026